# SUPREME COURT

OF THE

## STATE OF COLORADO.

SEPTEMBER TERM, 1900.

[No. 3046.]

THE GLENGARY CONSOLIDATED MINING COMPANY ET AL. V. BOEHMER ET AL.

1. CORPORATIONS—TRUSTS AND TRUSTEES.

   The title to property belonging to a corporation is vested in it for the use and benefit of its stockholders and it holds the property as a trustee.

2. CORPORATIONS—STOCKHOLDERS—MANAGEMENT OF CORPORATION AFFAIRS.

   Ordinarily the majority of the stockholders of a corporation have the right to control its affairs, but this must be done through its proper representatives in the interest of all the stockholders. No combination of stockholders less than the whole will be permitted to control the affairs of the corporation in their interest alone to the injury of the minority.

3. TRUSTS AND TRUSTEES—DEALING WITH TRUST PROPERTY.

   Where the trustee without the full knowledge and consent of his

*cestui que trust*, in dealing with the trust property assumes to act as both vendor and vendee, the *cestui que trust* may avoid the transaction at his election without regard to its fairness or unfairness.

4.  MINING COMPANIES—CONTRACTS—RIGHTS OF STOCKHOLDERS.

Where one mining corporation gets control of the majority of the stock of another and thereby is enabled and does select a directory under its control through which directory it secures a bond and lease on the property of the second company, such contract is void and will be set aside at the suit of the minority stockholders of the second company without regard to whether or not the controlling conpany was guilty of any actual fraud in securing the contract.

### Appeal from District Court of Lake County.

The following summary of the findings of fact and conclusions deduced therefrom by the trial court fully present the only question necessary to consider on this appeal.

The Ibex and Glengary Consolidated Mining Companies are corporations organized under the laws of this state, and own adjoining mining properties. The former procured, by purchase, a majority of the capital stock of the latter. The object of the Ibex Company in securing this stock was, to enable it to select a directory of the Glengary Company which would be under its control, and which in fact, it did succeed in accomplishing. Its purpose in so doing was to secure a bond and lease on the property of the Glengary Company. It obtained a contract of this character through the directory of this company elected at its instance, the proposition for which, as also its terms and conditions, came from the Ibex Company. To annul this transaction the appellees (stockholders of the Glengary Consolidated Mining Company), as plaintiffs, brought this action in the court below. From a judgment and decree in their favor, the defendants appeal.

Mr. CHAS. J. HUGHES, JR. and Mr. CHAS. CAVENDER, for appellants.

Mr. JOHN A. EWING and Mr. JOHN M. MAXWELL, for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The title to the property belonging to a corporation is vested in it. This it holds subject to charter and its by-laws, for the use and benefit of its stockholders, and it therefore falls within the strict definition of a trustee, *i. e.,* "one who holds the legal title for the use and benefit of others." *Miner v. Belle Isle Ice Co.,* 53 N. W. Rep. 218; *Peabody v. Flint,* 6 Allen. 52.

Ordinarily, the majority of the stockholders of a corporation have the right to control its affairs, but this right is limited to the legitimate exercise of the corporate powers. Among these is the management of the affairs of the corporation through its proper representatives and officials, in the interest of all shareholders. *Meeker v. Winthrop Iron Co.,* 17 Fed. Rep. 48.

No combination of stockholders of a corporation less than the whole will be permitted to manage or control its affairs in their interest alone. Minority stockholders cannot be deprived of their rights by such a combination under the guise of a policy of the corporation dictated by the majority. So far as the rights of the minority are concerned, the majority, in furtherance of their plan to reap a benefit to themselves through a transaction in which the minority do not participate, become the corporation itself, and assume the trust relation occupied by the corporation towards its stockholders. *Miner v. Belle Isle Ice Co., supra; Ervin v. Oregon R. & N. Co.,* 27 Fed. Rep. 625; *Pearson v. Concord R. Co.,* 62 N. H. 537.

A trustee cannot deal with the trust estate in a matter where his interests would, or might, conflict with his duty to his *cestui que trust.* In all cases where, without the full knowledge and assent of the *cestui que trust,* he has assumed to act in the capacity of vendor and vendee, the *cestui que trust* may avoid the transaction at his election. No question

of the fairness or unfairness of such a transaction can be considered under the state of facts existing in this case. This proposition is fully discussed in the case of *Morgan et al. v. King*, 27 Colo. 539. Applying these principles to the facts found by the trial court, it is clear that its judgment was correct.

The Ibex Company controlled a majority of the stock of the Glengary Company. It secured such stock for the purpose of controlling the Glengary Company in its interest. By assuming control of the Glengary Company, the Ibex Company placed the former at its mercy when contracting for its property. In arranging the price and terms for this property the Ibex Company was acting for itself, and not for the interest of the Glengary Company. Ostensibly, the contract was by the latter, but in fact, it was one which the Glengary Company was compelled to accept at the instance of the Ibex Company. In short, the Ibex Company, although pretending to contract with the Glengary Company, was contracting with itself. Being in control of the affairs of that company for this very purpose, it occupied the relation which that company did to its stockholders, *i. e.*, their trustee. The subject matter of this contract was property of which it was trustee, and in which the shareholders of the Glengary Company, including the minority, were interested as *cestuis que trust*. In law and in fact, it was both parties to this contract. Such a contract is void at the instance of the plaintiffs without regard to whether the Ibex Company was guilty of any actual fraud in obtaining it or not. The judgment of the district court is affirmed.

*Affirmed.*